# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINELLE SIMMONS, | )<br>) Case No. 1:22-cv-03789<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| RALPHS GROCERY COMPANY d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO., | )<br>)<br>) |
| Defendant. | |

## COMPLAINT

NOW COME the Plaintiff, LINELLE SIMMONS, by and through the undersigned, and state as follows:

### I. Introduction & Summary of the Illinois Biometric Information Privacy Act

1. Plaintiff LINELLE SIMMONS (hereafter "Plaintiff") is a citizen of Illinois residing in Cresthill, Illinois.

2. Plaintiff alleges that Defendants RALPHS GROCERY COMPANY d/b/a FOOD 4 LESS MIDWEST (hereafter "Food 4 Less") and THE KROGER CO., (hereafter "Kroger") (collectively "Defendants") violated Plaintiff's privacy rights as codified by the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA").

3. BIPA was enacted in 2008 for the purpose of addressing a "very serious need for protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Session No. 276.

4. BIPA's express Legislative Findings provide as follows:

1

> (a) The use of biometrics is growing in the business and security screening sectors and appears to promise streamlined financial transactions and security screenings.
>
> (b) Major national corporations have selected the City of Chicago and other locations in this State as pilot testing sites for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias.
>
> (c) Biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics,
> however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions.
>
> (d) An overwhelming majority of members of the public are weary of the use of biometrics when such information is tied to finances and other personal information.
>
> (e) Despite limited State law regulating the collection, use, safeguarding, and storage of biometrics, many members of the public are deterred from partaking in biometric identifier-facilitated transactions.
>
> (f) The full ramifications of biometric technology are not fully known.
>
> (g) The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

740 ILCS 14/5.

5. BIPA prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless the private entity: (1) informs that person in writing that identifiers and information will be collected and/or stored; (2) informs the person in writing of the specific purpose and length for which the identifiers or information is being collected, stored or used; (3) receives a written release from the person for the collection of that data; and (4) publishes publicly available

written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS 14/15(a) and (b).

6. The Illinois Supreme Court has recognized that BIPA was enacted to preserve an individual's right to privacy and control over his/her/their biometric data:

> Through the Act, our General Assembly has codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information. The duties imposed on private entities by section 15 of the Act (740 ILCS 14/15 (West 2016)) regarding the collection, retention, disclosure, and destruction of a person's or customer's biometric identifiers or biometric information define the contours of that statutory right. Accordingly, when a private entity fails to comply with one of section 15's requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach.
>
> * * *
>
> The Act vests in individuals and customers the right to control their biometric information by requiring notice before collection and giving them the power to say no by withholding consent. When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, "the right of the individual to maintain his or her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized." This is no mere "technicality." The injury is real and significant.

*Rosenbach v. Six Flags Ent. Corp.*, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1206 (Ill. 2019)).

7. Food 4 Less is an Ohio corporation with its principal place of business located in Compton, California.

8. Kroger is a Ohio corporation with its principal place of business located in Cincinnati, Ohio.

9. Food 4 Less is a grocery store chain in the "Kroger Family of

3

Companies" and is the largest subsidiary of Kroger.[1]

10. As detailed below, Defendants utilize technology that is subject to BIPA.

11. As detailed below, certain technology utilized by Defendants for its employees located in the state of Illinois required Defendants to obtain informed written consent from its employees before Defendants were able to acquire the biometric identifiers and/or biometric information of its employees.

12. From approximately at least June 2022 through the present, Defendants required their Illinois employees to use biometric information, including fingerprints, as a means to clock in and out from their shifts, including for lunch breaks.

13. Plaintiff is a full-time employee of Defendants and began working there in June 2022.

14. Plaintiff, as a condition of his employment, was required to utilize his fingerprint as a means to clock in and out of his job from June 2022 through the present.

15. As described below, Defendants have violated Plaintiff's privacy rights in violation of rights and prohibitions set forth by BIPA.

**II.  Jurisdiction and Venue**

16. Section 20 of BIPA provides Plaintiff with a private right of action to assert violations of BIPA. *See, Rosenbach*, 432 Ill. Dec. at 660, 129 N.E.3d at 1203; *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 620 (7th Cir. 2020).

---

[1] *See* https://www.ralphs.com/i/kroger-family-of-companies

17. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction. As of the filing of this Complaint, Plaintiff is a resident of the state of Illinois and plan to remain a resident of Illinois for the long run, and is therefore domiciled within the state of Illinois, rendering Plaintiff a citizen of the state of Illinois. Food 4 Less is a Ohio corporation with its principal place of business in California. Kroger is also a Ohio corporation with its principal place of business located in Ohio. As such, complete diversity exists between the parties.

18. Plaintiff's available damages exceed the amount in controversy requirement as Plaintiff is entitled to more than $75,000.00 in damages as a result of Defendant's unlawful conduct. Given the length of Plaintiff's employment with Defendants, the number of times Plaintiff would have provided his biometric information and/or identifiers during such time, and the per-violation liquidated damages available under the BIPA, it is plausible to allege that Plaintiff can recover more than $75,000.00 in statutory damages alone stemming from Defendants' conduct..

19. 28 U.S.C. § 1391(b)(2) provides that "[a] civil action may be brought in – (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"

20. Venue is proper in this judicial district, as a substantial part of the events or omissions giving rise to Defendants' below described violations of BIPA took place within the state of Illinois and this judicial district.

21. Venue is also proper in this judicial district because Plaintiffs are

citizens of the state of Illinois and they seek to vindicate their rights as provided by Illinois law.

**II. Defined Terms, Statutory Prohibitions and Allowable Damages**

    22.    BIPA defines "Biometric identifier" as follows:

> "Biometric identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. Biometric identifiers do not include writing samples, written signatures, photographs, human biological samples used for valid scientific testing or screening, demographic data, tattoo descriptions, or physical descriptions such as height, weight, hair color, or eye color. Biometric identifiers do not include donated organs, tissues, or parts as defined in the Illinois Anatomical Gift Act or blood or serum stored on behalf of recipients or potential recipients of living or cadaveric transplants and obtained or stored by a federally designated organ procurement agency. Biometric identifiers do not include biological materials regulated under the Genetic Information Privacy Act. Biometric identifiers do not include information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996. Biometric identifiers do not include an X-ray, roentgen process, computed tomography, MRI, PET scan, mammography, or other image or film of the human anatomy used to diagnose, prognose, or treat an illness or other medical condition or to further validate scientific testing or screening.

740 ILCS 14/10.

    23.    BIPA defines "Biometric information" and "Confidential and sensitive information" as follows:

> "Biometric information" means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers.
>
> "Confidential and sensitive information" means personal information that can be used to uniquely identify an individual

6

> or an individual's account or property. Examples of confidential and sensitive information include, but are not limited to, a genetic marker, genetic testing information, a unique identifier number to locate an account or property, an account number, a PIN number, a pass code, a driver's license number, or a social security number.

740 ILCS 14/10.

24. Section 15(a) of BIPA requires private entities to develop written policies regarding the retention and destruction of "biometric identifiers" and "biometric information":

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

740 ILCS 14/15(a).

25. "Section 15(a) expressly conditions lawful retention of biometric data on the continuation of the initial purpose for which the data was collected. The BIPA requirement to implement data retention and destruction protocols protects a person's biometric privacy just as concretely as the statute's informed-consent regime." *Fox*, 980 F.3d at 1155.

26. "It follows that an unlawful retention of a person's biometric data is as concrete and particularized an injury as an unlawful collection of a person's biometric data." *Id.*

27. As set forth below, Defendants have violated Section 15(a) of BIPA

7

because it appears that they have failed to develop and publish written policies regarding the retention and destruction of "biometric identifiers" and "biometric information".

28. Section 15(b) of BIPA requires private entities to obtain informed written consent from persons before a private entity can obtain their biometric identifiers and/or biometric information.

29. Section 15(b) of BIPA specifically states that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first" takes the following actions:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

30. BIPA defines "[w]ritten release" as "informed written consent". 740 ILCS 14/10.

31. Informed-consent is the "heart of BIPA." *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

32. Section 15(b) ensures that "consumers understand, before providing their biometric data, how that information will be used, who will have access to it, and for how long it will be retained." *Id.*

8

33. The failure to obtain informed consent before collecting an individual's biometric data necessarily inflicts an Article III injury. *Bryant*, 958 F.3d at 619, 624, 626 (comparing a violation of section 15(b) to "an invasion of [an individual's] private domain, much like an act of trespass").

34. Defendants have violated Section 15(b) of BIPA because they collected Plaintiff's biometric information without first obtaining informed written consent from Plaintiff.

35. Section 15(d) of BIPA prohibits private entities from disclosing, redisclosing, or otherwise disseminating a person's biometric identifier or biometric information without first obtaining informed written consent of the subject.

36. Upon information and belief, Defendants have violated Section 15(d) of BIPA because they have disclosed, redisclosed, and/or otherwise disseminated Plaintiff's biometric identifier and/or biometric information without his informed written consent.

37. In enacting BIPA, the Illinois legislature determined that violations of BIPA should result in awards of liquidated damages.

38. Section 20 of BIPA provides that "[a] prevailing party may recover for each violation: ... (1) against a private entity negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater" and that "[a] prevailing party may recover for each violation: ... (a) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater". 740 ILCS

9

14/20(1)-(2).

39. Additionally, in enacting BIPA, the Illinois legislature determined that "[a] prevailing party" in a BIPA action "may recover … (3) reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses" and injunctive relief. 740 ILCS 14/20(3)-(4).

### III. Defendant's Violations of BIPA

40. Defendants have violated BIPA because of their utilization of its employees fingerprints as a means for such consumers to clock in and out of their places of employment and by gathering its employees biometric information and utilizing such biometric identifiers and/or biometric information without their employees' informed written consent.

41. From at least June 2022 through the present, and upon information and belief, Defendants required Plaintiff to utilize his fingerprints and biometric information as the sole manner in which his time was tracked.

42. As alleged herein, Defendants failed to properly disclose to Plaintiff and that its time keeping system would collect the "biometric identifiers" and/or "biometric information" (hereafter "Biometric(s)") of Plaintiff without their informed written consent.

43. Defendants have collected the Biometrics of Plaintiff in violation of the prohibitions set forth by BIPA.

44. Each time Plaintiff clocked in or out during the relevant time period, he used his fingerprint to do so.

45. Each time Plaintiff did so, Defendants' time keeping system

scanned his fingerprints to create a detailed map or digital depiction of his fingerprints.

46. Each time Plaintiff clocked in and out of his job, Defendants scanned his fingerprints, which resulted in Defendant obtaining and/collecting Plaintiff's unique "biometric identifier" or "biometric information" as these terms are defined by BIPA.

47. Each time Defendants did so, they obtained Plaintiff's unique "biometric identifier" or "biometric information" *without* Plaintiff's informed written consent.

48. Defendants have failed to fully and properly disclose to Plaintiff and that their time keeping system captured, or otherwise obtained Plaintiff's unique "biometric identifier" or "biometric information" as these terms are defined by BIPA.

49. Defendants failed to obtain Plaintiff's informed written consent prior to obtaining his unique "biometric identifier" or "biometric information" as these terms are defined by BIPA.

50. Defendants have failed to disclose how they uses the "biometric identifier" and "biometric information" they have obtained from Plaintiff.

51. Defendants have failed to disclose to Plaintiff whether it *has* shared their "biometric identifier" or "biometric information" with third parties.

52. Defendants have failed to disclose to Plaintiff whether they *will* share Plaintiff's "biometric identifier" or "biometric information" with third parties.

11

53. Defendants have failed to disclose to Plaintiff whether they have sold Plaintiff's "biometric identifier" or "biometric information" to third parties.

## IV. Causes of Action

### Count I – Asserting Violations of Sections 15(a) of BIPA

54. Plaintiff alleges and reasserts Paragraphs 1-53 as if fully set forth herein.

55. Informed-consent is the "heart of BIPA." *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

56. Section 15(a) of BIPA states as follows:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for *permanently* destroying biometric identifiers and biometric information *when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity*, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

See, 740 ILCS 14/15(a) (emphasis supplied).

57. Defendants have failed to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information" as required by 740 ILCS 14/15(a).

58. On information and belief, Defendants do not destroy "biometric identifiers" or "biometric information" after "the initial purpose for collecting or obtaining such identifiers or information has been satisfied" as required by 740

ILCS 14/15(a).

59. On information and belief, Defendants have failed to develop, publicly disclose, and otherwise comply with a data-retention schedule and guidelines for the permanent destruction of "biometric identifiers" and "biometric information".

60. Defendants' failure to comply with BIPA's retention-and-destruction policy results in Article III injury. "An unlawful retention of biometric data inflicts a privacy injury in the same sense that an unlawful collection does." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020).

61. On information and belief, Defendants do not destroy a user's "biometric identifiers" or "biometric information" "within 3 years of the individual's last interaction with the private entity" as required by 740 ILCS 14/15(a).

62. As stated above, on information and belief, Defendants have violated Section 15(a) of BIPA by failing to develop and publicly disclose an easily explained and/or understood data-retention schedule for the *permanent* destruction of "biometric identifiers" and/or "biometric information."

63. As stated above, on information and belief, Defendants have violated Section 15(a) of BIPA by failing to develop and publicly disclose an easily explained and/or understood data-retention guidelines for the permanent destruction of "biometric identifiers" and/or "biometric information."

64. As stated above, on information and belief, Defendants have violated Section 15(a) of BIPA by failing to comply with a data-retention schedule

and guidelines for the permanent destruction of "biometric identifiers" and/or "biometric information."

65. Defendants' violations of Section 15(a) of BIPA has resulted in the *unlawful retention* and sharing of its employees' "biometric identifiers" and/or "biometric information" with currently unknown third-parties.

66. Defendants' *failure to comply* with a retention-and-destruction policy has harmed Plaintiff where Defendants' unlawful retention of "biometric identifiers" and/or "biometric information" appears to go *beyond* the time limits set by section 15(a). *See, e.g., Fox*, 980 F.3d at 1149 and 1155 (finding a "concrete and particularized" harm where the plaintiff alleged that the defendant violated the "full panoply" of section 15(a) requirements).

67. Defendants violated BIPA by collecting, using, modifying and/or storing the "biometric identifiers" and/or "biometric information" of Plaintiff without Plaintiff's informed written consent.

68. Plaintiff has suffered damages in the form of liquidated damages and provided by 740 ILCS 14/20(1)-(2).

WHEREFORE, Plaintiff respectfully request that this Honorable Court provide Plaintiff with the following relief:

  a. Liquidated damages for negligent violations of Section 15(a);
  b. Liquidated damages for intentional and/or reckless violations of Section 15(a);
  c. Reasonable attorney's fees and costs;
  d. Enjoining Defendants from further violations of Section 15(a); and;
  e. Award any other relief deemed equitable and just.

**Count II – Asserting Violations of Section 15(b) of BIPA**

69. Plaintiff alleges and reasserts Paragraphs 1-68 as if fully set forth above:

70. Section 15b of BIPA states that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first" (1) informs the subject in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information. *See* 740 ILCS 14/15(b)(1)-(3).

71. As set forth *supra.*, Defendants violated of Section 15(b)(1) of BIPA by failing to inform Plaintiff in writing that their time keeping system was storing or collecting Plaintiff's "biometric identifiers" or "biometric information". 740 ILCS 14/15(b)(1).

72. As set forth *supra.*, Defendants violated of Section 15(b)(2) of BIPA by failing to inform Plaintiff in writing of the specific purpose and length of term for which Plaintiff's "biometric identifiers" and/or "biometric information" was "being collected, stored, and used." 740 ILCS 14/15(b)(2).

73. As set forth *supra.*, Defendants violated of Section 15(b)(3) of BIPA by failing to obtain a written release executed by Plaintiff a before Defendant collected Plaintiff's "biometric identifiers" and/or "biometric information". 740 ILCS 14/15(b)(3).

74. Violations of Section 15(b) of BIPA result in concrete injuries:

> As the Illinois Supreme Court recognized in *Rosenbach,* the informed- consent regime laid out in section 15(b) is the heart of

> BIPA. The text of the statute demonstrates that its purpose is to ensure that consumers understand, before providing their biometric data, how that information will be used, who will have access to it, and for how long it will be retained. The judgment of Illinois's General Assembly is that the sensitivity of biometric information and the risk of identity theft or other privacy or economic harm that may result from its dissemination, necessitates that people be given the opportunity to make informed choices about to whom and for what purpose they will relinquish control of that information. Compass's failure to abide by the requirements of section 15(b) before it collected Smart Market users' fingerprints denied Bryant and others like her the opportunity to consider whether the terms of that collection and usage were acceptable given the attendant risks.
>
> This was not a failure to satisfy a purely procedural requirement. Rather, as in Robertson, Compass withheld substantive information to which Bryant was entitled and thereby deprived her of the ability to give the informed consent section 15(b) mandates. Equipped with the missing information, she may have chosen not to use the vending machines and instead brought her own lunch or snacks. Or she may have opted for the convenience of the machines. She did not realize that there was a choice to be made and what the costs and benefits were for each option. This deprivation is a concrete injury-in-fact that is particularized to Bryant. She thus meets the requirements for Article III standing on her section 15(b) claim.

*Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

75. The failure to obtain informed consent before collecting an individual's biometric data necessarily inflicts an Article III injury. *Bryant*, 958 F.3d at 619, 624, 626 (comparing a violation of Section 15(b) to "an invasion of [an individual's] private domain, much like an act of trespass").

76. Defendants' collection, use, modification, monetization and/or storage of Plaintiff's "biometric identifiers" and/or "biometric information" - without informed written consent - violates Section 15(b).

77. Plaintiff has utilized Defendants' time keeping system in a manner

that has resulted in Defendants collecting, using, modifying, monetizing and/or storing Plaintiff's "biometric identifiers" and/or "biometric information" in violation of the prohibitions and requirements set forth by BIPA.

78. Defendants did not obtain the informed written consent of Plaintiff to collect, use, modify, monetize and/or store Plaintiff's "biometric identifiers" and/or "biometric information".

79. Defendants violated BIPA by collecting, using, modifying and/or storing the "biometric identifiers" and/or "biometric information" of Plaintiff without Plaintiff's informed written consent.

80. Plaintiff has suffered damages in the form of liquidated damages and provided by 740 ILCS 14/20(1)-(2).

WHEREFORE, Plaintiff respectfully request that this Honorable Court provide Plaintiff with the following relief:

a. Liquidated damages for negligent violations of Section 15(b);
b. Liquidated damages for intentional and/or reckless violations of Section 15(b);
c. Reasonable attorney's fees and costs;
d. Enjoining Defendant from further violations of Section 15(b);and
e. Award any other relief deemed equitable and just.

**Count III – Asserting Violations of Section 15(d) of BIPA**

81. Plaintiff alleges and reasserts Paragraphs 1-80 as if fully set forth above:

82. Section 15(d) prohibits a private entity in possession of biometric data from disclosing or disseminating that data except in certain circumstances, such as obtaining a subject's consent. 740 ILCS 14/15(d).

83. Defendants have violated Section 15(d) of BIPA because, upon information and belief, they have disclosed, redisclosed, and/or otherwise disseminated Plaintiff's "biometric identifiers" and/or "biometric information" without Plaintiff's informed written consent.

84. The Seventh Circuit has held that the unlawful disclosure of biometric data invades an individual's private domain "just as surely as an unconsented collection or retention does." *Cothron v. White Castle Sys., Inc.*, 20 F.4th 1156, 1161 (7th Cir. 2021)

85. The unlawful disclosure of an individual's biometric data inflicts an injury that satisfies Article III. *Id.*

WHEREFORE, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a. Liquidated damages for negligent violations of Section 15(d);
b. Liquidated damages for intentional and/or reckless violations of Section 15(d);
c. Reasonable attorney's fees and costs;
d. Enjoining Defendants from further violations of Section 15(d); and
e. Award any other relief deemed equitable and just.

## Jury Demand

Plaintiff demands a jury trial.


Dated: July 21, 2022                                    Respectfully submitted,

s/ Nathan C. Volheim                                    s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                        Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the N.D. Illinois                           Admitted in the N.D. Ill.
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.

2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 568-3056 (phone)  
(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com

2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(331) 307-7648 (phone)  
(630) 575-8188 (fax)  
ecoleman@sulaimanlaw.com